J-A16032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BERNICE M. STEINER, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SAMUEL E. STEINER | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| | : | No. 563 EDA 2018 |
| HOLLINGSWORTH & VOSE COMPANY, LORILLARD TOBACCO COMPANY, INDIVIDUALLY AND AS SUCCESSORY IN THE INTEREEST TO P. LORILLARD CO. | : : : : : : : | |
| APPEAL OF: R.J. REYNOLDS TOBACCO COMPANY, AS SUCCESSOR-BY-MERGER TO LORILLARD TOBACCO COMPANY | : : : : | |

Appeal from the Order Entered February 6, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  February Term, 2016  No. 4932

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 30, 2018**

Appellant R.J. Reynolds Tobacco Company, as Successor-By-Merger to Lorillard Tobacco Company ("Reynolds"), appeals from the order, entered in the Court of Common Pleas of Philadelphia County, granting in part the motion filed by Bernice Steiner, Administratrix of the Estate of Samuel Steiner, Deceased ("Plaintiff").  After our review, we quash this appeal and vacate the April 17, 2018 stay.

On March 3, 2016, Plaintiff filed suit against Hollingsworth & Vose Company ("Hollingsworth"), a manufacturer of asbestos-containing bulk filter media. Hollingsworth sold that product to Reynolds, which used it to make "micronite filters," which were used in Kent cigarettes from 1952 to 1956. *See* Complaint, 3/3/16, at ¶ 10. Plaintiff claims neither Hollingsworth nor Reynolds provided warnings of the health hazards associated with asbestos exposure and that Samuel Steiner ("Decedent") was a consumer of Kent cigarettes. Decedent smoked approximately one pack of Kent cigarettes from 1941 until he quit smoking in 1962; in 2014, over fifty years later, he was diagnosed with mesothelioma. *See* Complaint, *supra* at ¶¶ 8-9.

On January 8, 2018, the court of common pleas entered an order granting Plaintiff's motion to compel discovery, ordering Reynolds to produce two lists: Kent Mesothelioma Actions (like the instant consumer/smoker claim); and Kent Worker Mesothelioma Actions (workers who allege making the filters and cigarettes caused asbestos-related disease). The lists were created in 2011 by counsel for Lorillard Tobacco Company ("Lorillord"), Reynolds' predecessor, by order of court in another lawsuit brought by an individual who worked at a Lorillard facility, which action was pending in Kentucky state court. Reynolds contends those lists were subject to a protective order.

Reynolds filed a motion for reconsideration on January 24, 2018; in that motion Reynolds sought, in the alternative, that the court amend the order and certify it for immediate appeal. *See* 42 Pa.C.S. § 702(b); Pa.R.A.P. 1311.

On February 6, 2018, the court denied the motion for reconsideration and it denied certification of the order for immediate appeal.[1]

Reynolds filed a timely notice of appeal from the January 8, 2018 order granting Plaintiff's motion to compel. Reynolds filed an emergency motion for stay pending appeal and, on April 16, 2018, a single motions judge of this Court entered an order granting the stay. Reynolds raises the following issues for our review:

1. Did the trial court err as a matter of law or abuse its discretion in granting Plaintiff's motion to compel production of documents (created in 2011 by outside counsel for Reynolds' predecessor, Lorillard Tobacco Company, by order of a Kentucky state court, and produced subject to a protective order in that case), where producing these documents would (1) violate the protective order of the Kentucky court, and (2) violate the privacy and confidentiality rights of former Lorillard employees by revealing confidential medical information not previously disclosed in a publicly-filed lawsuit or worker' compensation action?

2. Did the trial court commit an error of law or abuse its discretion in refusing reconsideration of its order compelling production, where the motion for

_____

[1] Reynolds did not file a petition for review. **See** Pa.R.A.P. 1512; **Toll v. Toll**, 439 A.2d 712 (Pa. Super. 1981) (in event lower court refuses to amend order to contain necessary certification to proceed with petition for permission to appeal, aggrieved party may obtain appellate review by filing timely petition for review). **See also** Pa.R.A.P. 1316. We note, however, that if an order falls under the collateral order doctrine, **see** Pa.R.A.P. 313, which Reynolds argues here, an immediate appeal may be taken as of right by filing a notice of appeal. **See** Note-Pa.R.A.P. 313.

reconsideration asked the trial court to limit dissemination of the documents ordered produced?

Appellant's Brief, at 8.

Before we reach these issues,[2] we address the issue of jurisdiction. *See Roman v. McGuire Memorial*, 127 A.3d 26, 31 (Pa. Super. 2015) (subject matter jurisdiction is non-waivable and can be raised at any time by any party and court *sua sponte*). Generally, discovery orders are deemed interlocutory and not immediately appealable, because they do not dispose of the litigation. *Branham v. Rohm and Haas Co*., 19 A.3d 1094, 1101 (Pa. Super. 2011). *See T.M. v. Elwyn*, *Inc.*, 950 A.2d 1050 (Pa. Super. 2008); *Jones v. Faust*, 852 A.2d 1201 (Pa. Super. 2004). However, discovery orders requiring disclosure of privileged materials generally are appealable under Rule 313 where the issue of privilege is separable from the underlying issue. *See Ben v. Schwartz*, 729 A.2d 547, 551–53 (Pa. 1999); *see also Price v. Simakas Co., Inc*., 133 A.3d 751, 755 (Pa. Super. 2016) (order denying motion to quash subpoena for deposition appealable under Pa.R.A.P. 313 when information sought is privileged under federal health and safety regulations).

In its Statement of Jurisdiction, Reynolds states that the order granting Plaintiff's motion to compel discovery is a collateral order and thus appealable as of right. *See* Pa.R.A.P. 313(a) ("An appeal may be taken as of right from

---

[2] We point out that both issues directly implicate the second prong of the collateral order doctrine test. *See Rae v. Pennsylvania Funeral Directors Ass'n*, 977 A.2d 1121 (Pa. 2009) (holding collateral order rule's three-pronged test must be applied independently to each distinct legal issue over which appellate court is asked to assert jurisdiction).

a collateral order of an administrative agency or lower court."). Reynolds claims that the documents are privileged and producing them would violate "privacy and confidentiality rights of former Lorillard employees" as well as the protective order of the Kentucky court. Appellant's Brief, at 1.

"Collateral review is appropriate, despite the general directive that appellate courts conduct review only of final orders, if an order is (1) separable from and collateral to the main cause of action, (2) implicates rights which are too important to be denied review, and (3) the appellant's claim as to that order will be lost if postponed until final judgment." *Rae v. Pennsylvania Funeral Directors Ass'n*, 977 A.2d 1121, 1124 (Pa. 2009), citing *Ben*, *supra* and Pa.R.A.P. 313. The collateral order doctrine is a "specialized, practical [exception to] the general rule that only final orders are appealable as of right." *McGrogan v. First Commonwealth Bank*, 74 A.3d 1063, 1076 (Pa. Super. 2013). Thus, the rule must be narrowly interpreted and each prong of the rule must be "clearly present" before an order may be considered collateral. *Melvin v. Doe*, 836 A.2d 42, 47 (Pa. 2003); *see also Shearer v. Hafer*, 177 A.3d 850, 858 (Pa. 2018); *Geniviva v. Frisk*, 725 A.2d 1209, 1214 (Pa. 1999); *Amerisource Bergan Corp. v. Does*, 81 A.3d 921 (Pa. Super. 2013). Accordingly, where an order satisfies the three-pronged test of Rule 313- separability, importance, and irreparability- we may exercise appellate jurisdiction. If the test is not met, however, and in the absence of another exception to the final order rule, we have no jurisdiction to consider

an appeal of such an order. **Shearer**, 177 A.3d at 858; **Rae**, 977 A.2d at 1125.

First, Reynolds claims that this Court can decide whether the documents are sufficiently sensitive/personal so as to preclude production, separate and apart from the issue of liability for Plaintiff's injuries. We agree.

In **Ben**, **supra**, the Pennsylvania Supreme Court held that an appeal from a discovery order raising a question of the application of a privilege is separable from the underlying issue, so long as the issue of privilege may be addressed by an appellate court without analysis of the underlying issue. **Schwartz**, 729 A.2d at 551–52. Here, the issue can be resolved without analysis of the underlying merits of the case. Whether the lists contained privileged information or are subject to a protective order are issues peripheral to the ultimate resolution of the underlying negligence and strict liability issues in this case. **See Kelley v. Pittman**, 150 A.3d 59, 64 (Pa. Super. 2016) ("This Court may examine issues of privilege without analyzing underlying claims of negligence). Reynolds, therefore, has met the severability prong of the collateral order test.

Turning to the second prong, a right is important "if the interests that would potentially go unprotected without immediate appeal are significant relative to the efficiency interests served by the final judgment rule[,]" **Geniviva v. Frisk**, 725 A.2d 1209, 1213 (Pa. 1999), and are "deeply rooted in public policy." **Shearer**, 177 A.3d at 859. **See also Berkeyheiser v. A–Plus Investigations, Inc.**, 936 A.2d 1117, 1123–24 (Pa. Super. 2007)

("Pennsylvania courts have held that discovery orders involving potentially confidential and privileged materials are immediately appealable as collateral to the principal action."). Reynolds claims the documents contain medical information and implicate certain constitutional concerns, including the right to privacy. We find that Reynolds has failed to evoke the importance prong.

In Pennsylvania, "a party may obtain discovery of any matter, not privileged, which is relevant to the subject matter involved in the pending action," Pa.R.C.P. 4003.1(a), or is "reasonably calculated to lead to the discovery of admissible evidence." Pa.R.C.P. 4003.1(b). *See* Pa.R.C.P. 4009.1 (Production of Documents and Things. General Provisions). Keeping in mind that we must narrowly construe the doctrine, we are not convinced that Reynolds' claim of privilege outweighs our need to consider the judicial inefficiency and waste of resources in piecemeal litigation. Reynolds' mere assertion that the documents are privileged because they implicate medical issues does not, without more, render those documents privileged. First, in its request for production of documents, Plaintiff sought "*non-privileged documents*" related to claims or contentions by persons who smoked or were exposed to asbestos while making Kent cigarettes – essentially litigation documents. Further, to the extent Reynolds claimed privilege, the Plaintiff agreed to a "privilege log."[3] Although at first glance the reference to "confidential medical information" and "privacy rights" is appealing, Reynolds

---

[3] Plaintiff does not explain the details of this log, but redaction of the claimants' names would be anticipated.

fails to support these bare assertions. Our Supreme Court has cautioned against finding that the mere assertion of a privacy interest related to discovery implicates "as-of-right interlocutory appellate review." **Dougherty v. Heller**, 138 A.3d 611, 628 (Pa. 2016). The **Dougherty** Court stated:

> [W]e cannot accept that any assertion of an attendant privacy concern should transform a discovery order that otherwise is not appealable by right into a collateral order subject to as-of-right interlocutory appellate review. Instead, we find that the specific privacy concern in issue must be evaluated and adjudged to satisfy the importance requirement. In this regard, we make the distinction among different orders of privacy interests, such as those of a constitutional magnitude or recognized as such by statute, as compared with lesser interests. Again, we believe that a contrary approach would unduly impinge upon the general final judgment rule.

**Id.** at 536-37 (footnote omitted).

Unlike claims of attorney-client privilege, **see Meyer-Chatfield Corp. v. Bank Financial Services Group**, 143 A.3d 930 (Pa. Super. 2016), statutory privacy interests in federal tax returns, **Cooper v. Schoffstall**, 905 A.2d 482 (Pa. 2006), confidential communications to psychiatrists or licensed psychologists, **Farrell v. Regola**, 150 A.3d 87 (Pa. Super. 2016), spousal privilege, **Cap Glass, Inc. v. Coffman**, 130 A.3 783 (Pa. Super. 2016), or information protected by First Amendment rights, **Melvin v. Doe**, 836 A.2d 42 (Pa. 2003), Reynolds' claim that the litigation lists rise to the level of constitutional or statutory privilege is unsupported. Plaintiff is not seeking sensitive medical health records or histories, nor is Plaintiff seeking settlement information subject to confidentiality agreements. Plaintiff seeks only

claimants' names,[4] attorneys' names and disposition of those claims, all of which could "lead to the discovery of admissible evidence." Pa.R.C.P. 4000.1(b).

Finally, we are unable to conclude that the rights involved implicate interests deeply rooted in public policy. The documents sought are litigation documents, and Reynolds has failed to establish that they are in fact subject to a protective order. In the transcript of the May 2, 2011 discovery hearing in the Kentucky case, which Reynolds has included as part of the certified record, there is no indication that the lists are subject to a protective order. **See** Response to Plaintiff's Motion to Compel of Defendant R.J. Reynolds Tobacco Company, as Successor-By-Merger to Lorillard Tobacco Company, 12/18/17, Exhibit A.[5] Furthermore, even if they were, we agree with Plaintiff's

---

[4] **See supra** at note 3.

[5] We note that the trial judge in the Kentucky case stated that he would not seal the record, but acknowledged counsel's ethical duty to contact the claimants' attorneys, and not the claimants:

> [W]e're not talking about sealing the record here of all the stuff that may come out. We're talking about is it anybody else's business that so and so filed a claim, and frankly if somebody wants to know it that bad they could go and check, it'd be a matter of public record. . . . [With respect to settlement agreements] I'm comfortable with keeping it confidential except for the fact that the claim was brought.

**See Discovery Hearing, McGuire v. Hollingsworth & Vose, et al**., included in Response to Plaintiff's Motion to Compel of Defendant R.J. Reynolds Tobacco Company, as Successor-By-Merger to Lorillard Tobacco Company, 12/18/17, Exhibit A.

argument that the Kentucky state court cannot determine the discoverability or admissibility of evidence in an unrelated action in Pennsylvania. We conclude that the second prong of the collateral order doctrine is not "clearly present," and, therefore, we quash this appeal. *Melvin*, *supra*.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/18