J-S02001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PA WASTE TRANSFER, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EVANS DISPOSAL, LLC, DOUGLAS | : | |
| EVANS AND PATRICIA EVANS | : | |
| | : | No. 787 MDA 2019 |
| Appellants | : | |

Appeal from the Order Entered April 12, 2019
In the Court of Common Pleas of Northumberland County Civil Division at
No(s):  CV-1845-2015

BEFORE:  BENDER, P.J.E., KING, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED MARCH 31, 2020**

Appellants, Evans Disposal, LLC, Douglas Evans, and Patricia Evans, appeal from the trial court's April 12, 2019 order, which granted in part Appellee's, PA Waste Transfer, LLC ("PA Waste"), request for a preliminary injunction.  We affirm.

PA Waste states the facts underlying this matter as follows:[1]

The instant action began as a complaint by [PA Waste], a Pennsylvania Limited Liability Corporation, against Evans Disposal LLC ("Evans Disposal"), Douglas Evans and Patricia Evans

---

[1] We rely on PA Waste's statement of the case because the trial court has not provided us with a comprehensive case summary, and Appellants' statement of the case does not include citations to the record in contravention of Pa.R.A.P. 2117(a)(4).  **See** Pa.R.A.P. 2117(a)(4) (stating that the statement of the case shall contain "[a] closely condensed chronological statement, in narrative form, of all the facts which are necessary to be known in order to determine the points in controversy, with an appropriate reference in each instance to the place in the record where the evidence substantiating the fact relied on may be found").

("Individual Defendants"), Appellants here. [PA Waste] filed the complaint [at] docket CV-1845-2015 with the Northumberland County Prothonotary on October 31, 2015. The Amended Complaint avers counts of breach of contract, fraud, unjust enrichment and piercing the corporate veil. After two rounds of Preliminary Objections and Amended Complaints, [Appellants] answered the Second Amended Complaint on May 30, 2016. The answer contained no counterclaims. Discovery then commenced.

Three weeks later, [Appellants] untimely attempted to join a different company, Disposal Management Services, Inc., a Pennsylvania Business Corporation with an address of 154 Quarry Road, Coal Township, Northumberland County, Pennsylvania, to the instant action. Due to the untimely petition, the joinder motion failed and Disposal Management Services was never joined as a part[y] here.[1]

> [1] Evans Disposal sued Disposal Management Services under docket CV-2016-2252 in the Court of Common Pleas of Northumberland County. That litigation remains pending.[2]

[PA Waste] deposed the [I]ndividual [D]efendants on May 30, 2017. To date, [Appellants] have not attempted to propound interrogatories, requests for production of documents, requests for admissions, requests for entry, depositions or any other discovery.

Discovery was a tortious [*sic*] affair, with multiple motions to compel and a vastly incomplete record being produced by [Appellants]. After several discovery[-]related orders, [the trial court] issued [its] October 4, 2017 [o]rder finding that [PA Waste] could engage in discovery against the Individual Defendants and that [PA Waste] had shown a *prima facie* case to pierce the Evans Disposal corporate veil.

The Complaint contained copies [of] 32 dishonored checks[,] which Evans Disposal had not redeemed. Patricia Evans admitted at deposition that many expenditures made with Evans Disposal funds were for personal purchases [for] herself and Douglas Evans, where no records exist of reimbursement to Evans Disposal, acceptance of draws from the company to the principals,

---

[2] According to Appellants, Disposal Management Services is PA Waste's "self-described sister company…." Appellants' Brief at 10-11. Appellants claim that Evans Disposal seeks payment of $940,000.00 in damages from it. *Id.* at 11.

or other appropriate tax treatment of these transactions valued at tens of thousands of dollars. The trial court authorized [PA Waste] to seek tax returns from all [Appellants] after motions practice.

The underlying contract required Evans Disposal, based in Bloomsburg, Scott Township, Columbia County, to dispose of all of its collected solid waste at [PA Waste's] Coal Township, Northumberland County waste transfer station. In exchange for this exclusive arrangement, [PA Waste] provided Evans Disposal with a beneficial disposal rate. However, Evans Disposal refused to utilize [PA Waste] for much of its disposal needs after the March 11, 2013 contract was executed. [PA Waste] obtained records from two landfills, Wayne Township Landfill in McElhattan, Pennsylvania, and Lycoming County Resource Management Services in Montgomery, Pennsylvania, showing that Evans Disposal utilized both facilities for substantial waste disposal activities during the contract term, in breach of the [PA Waste] contract.

This refusal to use the transfer station was a breach of contract, which triggered an over $300,000 liquidated damages claim. Approximately $800,000 in unpaid disposal bills, as well as the $46,000 in dishonored checks not redeemed, constitute direct damages in this breach of contract matter. Interest continues to accrue at 18% per annum, at a rate of $16,000 per month. The nonpayment of tipping fees also constituted breach of the underlying contract. [PA Waste], through counsel, notified Evans Disposal of the breach, including Evans Disposal's response to the breach notice in the Complaint.

As part of [a] sale of the May 4, 2016 substantive Evans Disposal assets to [Fought's Disposal Service, Inc. ("Fought's Disposal")], Fought['s Disposal] entered into a $1 million promissory note to the Individual Defendants, paying the Individual Defendants approximately $4,300 per month for ten years.[3] Appellants paid

_____

[3] We believe this may be a misstatement, as PA Waste stated in its second petition for injunction that "[o]n May 4, 2016, … Douglas and Patricia Evans … entered into a contract with Fought's Disposal…, where [they] were to be paid payments of $4,306.92 per month over a period of **thirty (30) years**." PA Waste's Second Petition for Injunction, 1/9/19, at ¶ 1 (emphasis added). Appellants also acknowledge that Evans Disposal and Fought's Disposal executed a promissory note for the purchase price, stating that they agreed

many vendors, but paid nothing towards the [PA Waste] liability which was documented in the initial complaint filed eight months before closing. The Individual Defendants own certain real estate in Hemlock Township, Columbia County, Pennsylvania known as 17 Pony Trail Drive. Douglas Evans also owns a 1/3 interest in a property known as 522 Scott, Daytona Beach, Volusia County, Florida. The Individual Defendants have strived to relocate to Florida, and were found to have taken tangible steps to relocate to Daytona Beach. Specifically, the [Individual D]efendants purchased 1656 Lawrence Circle, Daytona Beach, Florida[,] the day the injunction now being appealed was signed by [the trial court], having executed a balloon mortgage days earlier. The Individual Defendants were served legal documents at their Lawrence Circle address shortly after the injunction hearing.

In its October 2, 2017 Order, the trial court found that [PA Waste] had proven a *prima facie* case to pierce the Evans Disposal corporate veil concerning both Douglas and Patricia Evans. In that Order, the trial court authorized limited discovery of personal assets of both Douglas and Patricia Evans. In prior pleadings and briefing leading up to this October 2017 Order, [PA Waste] showed that the Individual Defendants used Evans Disposal as a personal piggy bank, disregarded what few LLC formalities exist, breached the exclusive disposal contract, substantially intermingled personal and corporate funds, and perpetrated a fraud upon [PA Waste].

In June 2018, [PA Waste] attempted to seek an injunction against [Appellants] to preserve assets pending trial. [The trial court] denied this request as not ripe. On April 6, 2019, [the trial court] held argument on [PA Waste's] second injunction request, which [it] granted on April 12, 2019.

At the April injunction hearing, the [c]ourt, substantially relied upon the existing record, showing a mastery of the prior record in asking [PA Waste's] counsel how [PA Waste] intended to show breach of the contract, indications about the pending move to Florida, and sale of personal assets.

_____

that "Fought's Disposal would pay the sum of $4,306.82 monthly to [Evans Disposal] at [2.5%] interest per anum for **360 months**…." Appellants' Brief at 9 (emphasis added). Appellants also note that, "[a]s of the date of the [h]earing [on the preliminary injunction], Fought's Disposal was prepaying the note in an amount of $10,000 per month." *Id.* at 9-10.

> Appellants … requested reconsideration of the April 12 Order to set a bond, and reconsideration was granted for this limited question. The [c]ourt held its May 22, 2019 bond hearing, where the trial court set a $300,000 bond. Bond was posted on June 21, 2019.

PA Waste's Brief at 2-7 (internal citations omitted).

Specifically, in granting in part PA Waste's request for a preliminary injunction on April 12, 2019, the trial court ordered that (1) Appellants "are enjoined from the expenditure of any accelerated payments made by Fought's Disposal … over and above the contracted monthly amount"; and that (2) Appellants are "enjoined from selling, mortgaging, or otherwise encumbering 17 Pony Trail Drive, Bloomsburg, Hemlock Township, Columbia County, Pennsylvania, except by leave of this [c]ourt." Order, 4/12/19 (single page). The trial court determined that this "limited protective order … was necessary in view of the actions of [Appellants] to take steps to dissipate certain major assets[,]" and noted that, "[a]t the hearing … on April 9, 2019, it was established that [the Individual Defendants] were planning on moving to Florida." Trial Court Opinion (TCO), 7/29/19, at 3.

Subsequently, Appellants filed a timely notice of appeal from the trial court's order, and timely complied with the trial court's instruction to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[4] Presently, they set forth the following issues for our review, which we produce *verbatim*:

---

[4] An appeal may be taken as of right from an order granting an injunction. Pa.R.A.P. 311(a)(4).

**A. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT PA WASTE'S RIGHT TO RELIEF IS CLEAR, THAT THE WRONG IS MANIFEST, OR IN OTHER WORDS, THAT PA WASTE IS LIKELY TO PREVAIL ON THE MERITS OF THE ACTION, AND AS SUCH, THE TRIAL COURT'S APRIL 12, 2019 ORDER SHOULD BE VACATED.**

**B. THE TRIAL COURT ERRED AS A MATTER OF LAW OR IN ITS DISCRETION IN ITS ORDER OF APRIL 12, 2019, AS PA WASTE FAILED TO PROVE THAT GREATER INJURY WOULD RESULT FROM REFUSING AN INJUNCTION THAN BY GRANTING IT, AND CONCOMITANTLY, THE ISSUANCE OF THE INJUNCTION WILL NOT SUBSTANTIALLY HARM OTHER PARTIES IN THE PROCEEDING, AS THE TRIAL COURT FAILED TO PROPERLY CONSIDER THE HARM TO EVANS AND FOUGHT'S DISPOSAL/FOUGHTS AS A RESULT OF RESTRAINING EVANS FROM RECEIVING PRE-PAYMENT ON THE SUBJECT PROMISSORY NOTE AND EFFECTIVELY PREVENTING FOUGHT FROM PRE-PAYING THE PROMISSORY NOTE.**

**C. THE TRIAL COURT ERRED AS A MATTER OF LAW OR IN ITS DISCRETION IN FINDING THAT AN INJUNCTION WAS NECESSARY TO PREVENT IMMEDIATE AND IRREPARABLE HARM THAT COULD NOT ADEQUATELY COMPENSATED BY DAMAGES, AS EVANS WERE NOT ACTIVELY MARKETING THEIR HOME IN BLOOMSBURG, COLUMBIA COUNTY, PENNSYLVANIA, AS OF THE DATE OF THE HEARING, AND AS SUCH, A PRELIMINARY INJUNCTION WAS NOT NECESSARY TO PREVENT IMMEDIATE HARM.**

Appellants' Brief at 6.[5]

_____

[5] We note that PA Waste argues that Appellants have waived all of their issues "when they failed to list any issues before the Court when filing their designation of the contents of the reproduced record[,]" among other things. PA Waste's Brief at 10 (unnecessary capitalization and emphasis omitted). Because our review has not been impeded, we decline to deem their issues waived or dismiss their appeal. *See, e.g.*, *Morgan Guar. Trust Co. of New York v. Mowl*, 705 A.2d 923, 924 n.1 (Pa. Super. 1998) ("Since these infractions of the rules of appellate procedure are minor in nature and in no way affect our ability to engage in meaningful appellate review of the issues involved, we decline to dismiss this appeal.") (citation omitted).

At the outset, we acknowledge:

[O]ur review of a trial court's order granting or denying preliminary injunctive relief is highly deferential. This highly deferential standard of review states that in reviewing the grant or denial of a preliminary injunction, an appellate court is directed to examine the record to determine if there were any apparently reasonable grounds for the action of the court below. We will find that a trial court had apparently reasonable grounds for its denial of injunctive relief where the trial court has properly found that any one of the following essential prerequisites for a preliminary injunction is not satisfied.

There are six essential prerequisites that a party must establish prior to obtaining preliminary injunctive relief. The party must show: 1) that the injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages; 2) that greater injury would result from refusing an injunction than from granting it, and, concomitantly, that issuance of an injunction will not substantially harm other interested parties in the proceedings; 3) that a preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct; 4) that the activity it seeks to restrain is actionable, that its right to relief is clear, and that the wrong is manifest, or, in other words, must show that it is likely to prevail on the merits; 5) that the injunction it seeks is reasonably suited to abate the offending activity; and, 6) that a preliminary injunction will not adversely affect the public interest. The burden is on the party who requested preliminary injunctive relief….

***Warehime v. Warehime***, 860 A.2d 41, 46-47 (Pa. 2004) (internal citations, quotation marks, and footnotes omitted).

In Appellants' first issue, they argue that PA Waste failed to satisfy the fourth prerequisite set forth above, contending that "the trial court erred as a matter of law in finding that PA Waste's right to relief is clear, that the wrong is manifest, or in other words, that PA Waste is likely to prevail on the merits of the action, and as such, the trial court's April 12, 2019 order should be

vacated." Appellants' Brief at 16 (unnecessary capitalization and emphasis omitted). Appellants claim that, at the April 9, 2019 hearing, PA Waste "did not offer any testimony establishing the merits of its case against [them]. PA Waste did not even make an offer-of-proof as to its proposed testimony on the merits of its claims when the [t]rial [c]ourt narrowly defined the issue." *Id.* at 17-18. Further, they argue that "[r]eview of the record, including all pleadings, does not establish a clear right to relief on PA Waste's claims." *Id.* at 18.

We observe that our Supreme Court has said, "[t]o establish a clear right to relief, the party seeking an injunction need not prove the merits of the underlying claim, but need only demonstrate that substantial legal questions must be resolved to determine the rights of the parties." *SEIU Healthcare Pennsylvania v. Com.*, 104 A.3d 495, 506 (Pa. 2014) (citation omitted). This Court has also observed that "[f]or a right to be 'clear,' it must be more than merely 'viable' or 'plausible.' However, this requirement is not the equivalent of stating that no factual disputes exist between the parties." *Ambrogi v. Reber*, 932 A.2d 969, 980 (Pa. Super. 2007) (citations omitted). Thus, "[w]e do not attempt to determine whether the party seeking the preliminary injunction is guaranteed to prevail because our review of a decision regarding a preliminary injunction does not reach the merits of the controversy. The proper question is whether the party seeking the preliminary injunction produced sufficient evidence to show that 'substantial legal

questions must be resolved to determine the rights of the respective parties.'" *Id.* (citations omitted).

In the case *sub judice*, the trial court determined that PA Waste "will likely prevail to establish a breach of contract here." TCO at 2. Though Appellants contrarily insist that a review of the record demonstrates that PA Waste does not have a clear right to relief, *see* Appellants' Brief at 18, they do not specifically explain *why* they believe that. For instance, Appellants do not identify *how* PA Waste has failed to establish a *prima facie* showing of breach of contract, *i.e.*, which elements PA Waste has not demonstrated. Furthermore, Appellants vaguely claim that they have contested liability and asserted defenses, without detailing what those defenses are nor articulating how they have challenged PA Waste's claims so far. *See id.* This Court has maintained that "[w]e shall not develop an argument for [the appellant], nor shall we scour the record to find evidence to support an argument; consequently, we deem this issue waived." *J.J. DeLuca Co., Inc. v. Toll Naval Associates*, 56 A.3d 402, 411 (Pa. Super. 2012) (citation omitted). Further, to the extent Appellants argue that "PA Waste did not offer any testimony establishing the merits of its case against [them]," they provide no authority conveying that testimony establishing the merits is *required*.[6] **See**

---

[6] Appellants provide a citation to *Hoxworth v. Blinder, Robinson & Co., Inc.*, 903 F.2d 186 (3d Cir. 1990), noting that the court in that case found that the plaintiffs were likely to succeed on the merits of their claim based on "expert testimony." **See** Appellant's Brief at 19-20. Initially, we observe that

- 9 -

*In re S.T.S., Jr.*, 76 A.3d 24, 42 (Pa. Super. 2013) ("[M]ere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of a matter.") (citations omitted).  Accordingly, we consider this issue waived.  No relief is due on this basis.

In Appellants' second issue, they challenge the second prerequisite from the above-stated test, averring that the trial court "erred as a matter of law or in its discretion in apparently finding … that greater injury would result from refusing an [i]njunction than granting it and, concomitantly, that the issuance of an [i]njunction will not substantially harm other interested parties in the proceedings."  Appellants' Brief at 21-22.  Appellants say that the trial court "did not consider the impact of its restriction concerning the Fought promissory note on [the] Evans []or Fought's Disposal/Foughts."  *Id.* at 24.  Appellants claim that Douglas and Patricia Evans are only able to meet their financial obligations through the pre-payment of $10,000.00 on the promissory note.  *See id.* at 22.  Furthermore, Appellants allege that Fought's Disposal pre-pays on the note "in an effort to liquidate the balance due to [Evans Disposal,]" and states that the preliminary injunction "effectively stops

---

federal circuit court cases are not binding upon this Court.  *See Commonwealth v. Orie*, 88 A.3d 983, 1012-13 n.49 (Pa. Super. 2014) ("We recognize the holdings of federal circuit courts are not binding but may serve as persuasive authority.") (citations omitted).  Moreover, Appellants provide a weak analysis of this case, proffering little context for it and providing no accurate pincites for the propositions they say the 27-page opinion contains.  Further, in their curt analysis of the case, Appellants do not even advance that the *Hoxworth* Court held that 'testimony establishing the merits' is required, but only observe that the party had offered expert testimony to support its claims.

… Fought's Disposal from pre-paying….  There are no provisions advising Fought's Disposal what to do with the pre-payment.  Is it to be held in escrow?  Does Fought's Disposal receive credit for the payment if it is not paid to [the] Evans?" *Id.* at 22, 23.  They claim that the trial court "failed to consider the impact of the restriction on the note['s] pre-payment on Fought's Disposal, which in effect, does not permit it the ability to pre-pay on the note, which is its contractual right under the promissory note.  The [t]rial [c]ourt's restriction effectively requires … Fought['s Disposal] to continue to pay interest on the balance due and owing to [Evans Disposal] without the ability to pre-pay." *Id.* at 14.  Appellants note that Fought's Disposal was not "joined in the [p]reliminary [i]njunction proceeding nor had the ability to argue its position before the trial court." *Id.* at 23-24.

To begin, with respect to Appellants' claim that Douglas and Patricia Evans cannot meet their financial obligations in light of the injunction, we deem this claim waived.  In their brief, Appellants state that "[the] Evans presented uncontradicted testimony of their monthly expenses.  Only with the pre-payment of $10,000.00 on the promissory note and their weekly wages from Fought's Disposal[] are they able to meet their financial obligations. (RR 59A)." *Id.* at 22.  We reviewed the citation Appellants provided to the reproduced record, but that citation does not support Appellants' claim that Douglas and Patricia Evans cannot meet their financial obligations without the pre-payment.  N.T. Hearing, 4/9/19, at 45.  Instead, that citation only shows that the Evans have a $3,000 monthly payment due to the Internal Revenue

Service. *Id.* Appellants do not point us to any other evidence of what further financial obligations the Evans have, nor do they elaborate on those expenses in their brief. As we decline to scour the record for evidence on their behalf, we deem this issue waived. *See J.J. DeLuca*, *supra*; *see also* Pa.R.A.P. 2119(c) ("If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears….").

Next, regarding the pre-payment from Fought's Disposal, Appellants do not point us to where they raised this issue below. Our review of the record indicates that, in Appellants' Answer and New Matter to PA Waste's Second Petition for Injunction, they set forth a new matter, but make no mention of Fought's Disposal therein. *See* Appellants' Answer and New Matter, 3/1/19, at ¶¶ 80-89. Similarly, at the hearing on the preliminary injunction, Appellants did not raise this issue. Accordingly, we deem this issue waived, as well. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Mason-Dixon Resorts, L.P. v. Pa. Gaming Control Bd.*, 52 A.3d 1087, 1112 (Pa. 2012) (deeming an issue waived where it was not raised until a motion for reconsideration); *Meyer-Chatfield Corp. v. Bank Financial Services Group*, 143 A.3d 930, 938 n.4 (Pa. Super. 2016) ("Raising an issue for the first time in a motion for

reconsideration, however, does not rescue that issue from waiver.") (citation omitted).[7, 8]

Finally, in Appellants' third issue, they contest the first prerequisite from the above-stated test, arguing that "because PA Waste has failed to prove success on the merit[s] of its claim, it cannot prove that it will be immediately and irreparably harmed by [Appellants'] actions/inactions." Appellants' Brief at 25. Furthermore, they claim that "[w]hile it is true that [Douglas and Patricia] Evans had signed a listing agreement for the sale of [their 17 Pony Trail Drive home], the listing agreement …. had expired. There is no testimony of proposed or planned sale of this [r]eal [e]state[,] nor that the [r]eal [e]state would be relisted for sale." *Id.* (citation omitted). Consequently, they say that "the [t]rial [c]ourt's conclusion that PA Waste's need was immediate[] was never proven." *Id.* at 25-26.

Initially, we note that Appellants have not clearly included this particular issue in their Rule 1925(b) concise statement. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with

---

[7] Though waived, we observe that the plain language of the trial court's order does not preclude Fought's Disposal from pre-paying on the note; rather, it enjoins Appellants from "the **expenditure** of any accelerated payments made by Fought's Disposal…, over and beyond the contracted monthly amount." Order, 4/12/19 (emphasis added). *See also* PA Waste's Brief at 16 ("Appellants mischaracterize the injunction as preventing the payor from pre-paying. Nothing in the [o]rder enjoins Fought['s Disposal] from pre-paying into a trust fund under court supervision.").

[8] We observe that, when asked at the conclusion of the hearing if Appellants had any evidence to present, Appellants' counsel answered no. *See* N.T. Hearing, 4/9/19, at 55.

the provisions of this paragraph (b)(4) are waived."). Nevertheless, even if not waived, we would reject this argument. As set forth *supra*, Appellants have not convinced us that we should disturb the trial court's finding that PA Waste will likely prevail on the merits. Moreover, with respect to 17 Pony Trail Drive, even though the listing agreement has expired and there is no evidence of a new listing agreement, there was other evidence submitted at the hearing supporting that Douglas and Patricia Evans planned to move as soon as possible. Specifically, the trial court found that "[a]t the hearing that occurred on April 9, 2019, it was established that [Douglas and Patricia Evans] were planning on moving to Florida. Not only did [they] place their marital property for sale, they also bought a one[-]third interest in a home in Florida, started selling their assets, told people they were moving to Florida as soon as possible, and began leaving assets in Florida, such as their motorcycle." TCO at 3 (citations omitted). Appellants do not challenge these findings. Moreover, the Evans concede themselves in their brief that they intend to move to Florida. **See** Appellants' Brief at 10 ("The Evans do intend to relocate to the State of Florida."). Accordingly, Appellants' argument regarding the expired listing does not persuade us, and we conclude that no relief is due on this basis.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>03/31/2020</u>