J-S16013-16, J-S16014-16

2016 PA Super 147

| MEYER-CHATFIELD CORP. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BANK FINANCIAL SERVICES GROUP, STEVEN GOLDBERG, DAVID PAYNE, ARNOLD WINICK, WILLIAM BORCHERT AND DANIEL BARBAREE | |
| Appellants | |

| MEYER-CHATFIELD CORP. AND MEYER CHATFIELD ADMINISTRATIVE SERVICES, LLC | |
|---|---|
| Appellees | |
| v. | |
| BANK FINANCIAL SERVICES GROUP, STEVEN GOLDBERG, DAVID PAYNE, ARNOLD WINICK, WILLIAM BORCHERT AND DANIEL BARBAREE | No. 1576 EDA 2015 |
| Appellants | |

Appeal from the Judgment Entered May 4, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2013-29858
2013-30326
2014-11331
2015-02972

---------------------------------------------------------------------------------------

| | |
|---|---|
| MEYER-CHATFIELD CORP. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BANK FINANCIAL SERVICES GROUP, STEVEN GOLDBERG, DAVID PAYNE, ARNOLD WINICK, WILLIAM BORCHERT AND DANIEL BARBAREE | |
| Appellants | |
| MEYER-CHATFIELD CORP. AND MEYER CHATFIELD ADMINISTRATIVE SERVICES, LLC | |
| Appellees | |
| v. | |
| BANK FINANCIAL SERVICES GROUP, STEVEN GOLDBERG, DAVID PAYNE, ARNOLD WINICK, WILLIAM BORCHERT AND DANIEL BARBAREE | |
| Appellants | |
| | No. 1577 EDA 2015 |

Appeal from the Judgment Entered May 4, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2013-29858
2013-30326
2014-11331
2015-02972

--------------------------------------------------------------------------------

| | |
|---|---|
| MEYER-CHATFIELD CORP. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BANK FINANCIAL SERVICES GROUP, STEVEN GOLDBERG, DAVID PAYNE, ARNOLD WINICK, WILLIAM BORCHERT AND DANIEL BARBAREE | |
| Appellants | |

_____

| | |
|---|---|
| MEYER-CHATFIELD CORP. | |
| Appellee | |
| v. | |
| BANK FINANCIAL SERVICES GROUP, STEVEN GOLDBERG, DAVID PAYNE, ARNOLD WINICK, WILLIAM BORCHERT AND DANIEL BARBAREE | |
| APPEAL OF JOSEPH BYRD AND DAVID SCHWARTZ | |
| | No. 1578 EDA 2015 |

Appeal from the Judgment Entered June 11, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2013-29858
2013-30326
2014-11331
2015-02972

--------------------------------------------------------------------------------

- 3 -

| | |
|---|---|
| MEYER-CHATFIELD CORP. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BANK FINANCIAL SERVICES GROUP, STEVEN GOLDBERG, DAVID PAYNE, ARNOLD WINICK, WILLIAM BORCHERT AND DANIEL BARBAREE | |
| Appellants | |
| _____ | |
| MEYER-CHATFIELD CORP. AND MEYER CHATFIELD ADMINISTRATIVE SERVICES, LLC | |
| Appellees | |
| v. | |
| BANK FINANCIAL SERVICES GROUP, STEVEN GOLDBERG, DAVID PAYNE, ARNOLD WINICK, WILLIAM BORCHERT AND DANIEL BARBAREE | |
| Appellants | No. 1896 EDA 2015 |

Appeal from the Judgment Entered May 4, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2013-29858
2013-30326
2014-11331
2015-02972

| | |
|---|---|
| MEYER-CHATFIELD CORP. | |
| v. | |
| BANK FINANCIAL SERVICES GROUP, STEVEN GOLDBERG, DAVID PAYNE, ARNOLD WINICK, WILLIAM BORCHERT AND DANIEL BARBAREE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| MEYER-CHATFIELD CORP. AND MEYER CHATFIELD ADMINISTRATIVE SERVICES, LLC | |
| v. | |
| BANK FINANCIAL SERVICES GROUP, STEVEN GOLDBERG, DAVID PAYNE, ARNOLD WINICK, WILLIAM BORCHERT AND DANIEL BARBAREE | No. 2330 EDA 2015 |
| APPEAL OF JOSEPH BYRD AND DAVID SCHWARTZ | |

Appeal from the Judgment Entered May 4, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2013-29858
2013-30326
2014-11331
2015-02972

BEFORE:  OTT, J., DUBOW, J., and JENKINS, J.

OPINION BY JENKINS, J.:                                                    **FILED JULY 14, 2016**

These consolidated appeals are from discovery orders issued on May 4, 2015 and June 11, 2015 by the Court of Common Pleas of Montgomery County ("trial court").  In the appeals of the Bank Financial Services Group appellants (Bank Financial Services Group, Steven Goldberg, David Payne,

Arnold Winnick, William Borchert, and Daniel Barbaree) (collectively "the BFS appellants"),[1] we quash the appeal at 1576 EDA 2015; we quash in part and reverse and remand in part at 1577 EDA 2015; and we quash the appeal at 1896 EDA 2015. In the appeals of David Schwartz and Joseph Byrd, we quash in part and affirm in part at 1578 EDA 2015, and we quash their appeal at 2330 EDA 2015.

## **FACTUAL AND PROCEDURAL HISTORY**

**Background and pleadings.** Meyer-Chatfield is a company in the business of providing bank-owned life insurance ("BOLI"), a highly specialized financial product. BOLI is a single premium life insurance contract specifically designed for banks to earn tax-free income, among other benefits. Since its beginnings in 1992, Meyer-Chatfield has been engaged in the design, marketing, sales and servicing of BOLI products to the banking community nationwide.

Goldberg, Payne, Winnick, Borchert, Barbaree, Schwartz and Byrd were employees of Meyer-Chatfield who left the company to work for Bank Financial Services Group, a direct competitor of Meyer-Chatfield. During their employment with Meyer-Chatfield, the individuals signed restrictive covenants promising, *inter alia*, not to compete with Meyer-Chatfield upon

---

[1] To be clear, we use "BFS" as the collective designation for all appellants except Joseph Byrd and David Schwartz.

their termination or separation from the company or provide confidential information about Meyer-Chatfield to any other individual or entity.

On October 2, 2013, Meyer-Chatfield filed a complaint in the trial court at No. 2013-29858 naming Bank Financial Services Group, Goldberg and Payne as defendants. The complaint alleged that Payne and Goldberg, together with Bank Financial Services Group, formed and executed a plan to take Meyer-Chatfield personnel, clients, and confidential and proprietary information, in violation of the individual defendants' contractual and fiduciary obligations to Meyer-Chatfield, and in an unfairly competitive manner.

On October 7, 2013, Bank Financial Services Group, Goldberg, the Steven Goldberg Sole Proprietorship, Winick, and Payne sued Meyer-Chatfield seeking declaratory judgment and a special/preliminary injunction. They sought a declaration that the restrictive covenants and covenants not to compete contained in Goldberg's contract were void and unenforceable, alleged breach of contract by Meyer-Chatfield, asserted a breach of the duty of good faith and fair dealing, and sought to enjoin Meyer-Chatfield's alleged tortious interference with existing and prospective business relationships in addition to defamation and libel.

On October 18, 2013, the trial court consolidated these actions at No. 2013-30326.

Meyer-Chatfield subsequently filed two additional complaints at Nos. 2014-11331 and 2015-02972. The complaint at No. 2014-11331 named Winick, Borchert, Barbaree, Savino, Savino Financial Group, Schwartz and Byrd as defendants. The complaint at No. 2015-02972 named Goldberg, Payne, Integrated Financial Services of PA, Inc. d/b/a BFS Group, IFS, Inc. d/b/a Bank Financial Services Group, Winick, Byrd, Schwartz, Borchert, Barbaree, Savino, and the Savino Financial Group as defendants. The trial court consolidated these actions with the actions at No. 2013-30326.

The trial court held several days of hearings on the parties' cross-motions for preliminary injunctions. On March 13, 2014, prior to completion of preliminary injunction hearings, the trial court granted Meyer-Chatfield's request for an "interim" injunction against BFS. BFS appealed the interim injunction to the Superior Court. On October 7, 2014, the Superior Court vacated the March 13, 2014 interim injunction at 1092 EDA 2014, holding that it was premature for the trial court to enter an interim injunction before the completion of hearings on the parties' cross-motions for preliminary injunctions.

**Discovery disputes.** Not only has there been extensive litigation relating to the parties' injunction motions, but there has also been protracted litigation over discovery. In this appeal, we focus on two discovery disputes that took place after the Superior Court vacated the interim injunction.

*First dispute.* On October 21, 2014, Meyer-Chatfield filed a motion to quash (1) subpoenas to attend preliminary injunction hearings that BFS served on several non-parties and (2) a notice to attend the preliminary injunction hearing that the BFS appellants served on Meyer-Chatfield's corporate designee. On May 4, 2015, the trial court granted Meyer-Chatfield's motion to quash. On May 18, 2015, the BFS appellants filed a notice of appeal to this Court at 1576 EDA 2015 from this order.

*Second dispute.* On January 6, 2015, Meyer-Chatfield served interrogatories and document requests on the BFS appellants. Meyer-Chatfield did not serve Byrd or Schwartz with any discovery requests. On February 11, 2015, the BFS appellants produced a single one-page document in response to Meyer-Chatfield's discovery requests. Otherwise, the BFS appellants objected to the discovery requests as overbroad, burdensome, costly, and protected under the attorney-client, work product and joint defense privileges.

On February 17, 2015, Meyer-Chatfield filed a motion to compel the BFS appellants, Byrd and Schwartz to provide full and complete responses to its discovery requests. Meyer-Chatfield served the motion upon both counsel for the BFS appellants and counsel for Byrd and Schwartz. The BFS appellants filed a response claiming that Meyer-Chatfield's requests were burdensome and overbroad, and that certain materials were protected under

the attorney-client, work product and joint defense privileges. Byrd and Schwartz did not file any response to the motion.

On May 4, 2015, the trial court entered an order ("First Compel Order") granting the motion to compel and directed the BFS appellants to provide full and complete answers, "without objection", to Meyer-Chatfield's discovery requests. The order further directed the BFS appellants, Byrd and Schwartz to (1) produce all business and personal computers and portable electronic devices, business or personal, in use since January 1, 2012, including all hard drives, servers, and email mailboxes for inspection by Meyer-Chatfield's forensic computer analyst, and (2) turn over all passwords to personal and business email accounts, computers, and portable devices for inspection by the same analyst.

On May 18, 2015, the BFS appellants filed a notice of appeal at 1577 EDA 2015 from the First Compel Order. On May 21, 2015, the BFS appellants filed a motion in the trial court seeking reconsideration of the First Compel Order.

On May 20, 2015, Byrd and Schwartz filed a notice of appeal at 1578 EDA 2015 from the First Compel Order. On the same date, Byrd and Schwartz filed a motion in the trial court seeking reconsideration of the First Compel Order.

On June 11, 2015, more than thirty days after the First Compel Order, the trial court entered an order amending the First Compel Order ("Second

Compel Order"). The Second Compel Order purported to provide a procedure for preventing privileged materials from falling into Meyer-Chatfield's hands.[2]

On June 16, 2015, the BFS appellants filed a notice of appeal at 1896 EDA 2015 from the Second Compel Order. On July 9, 2015, Byrd and Schwartz filed a notice of appeal from the Second Compel Order at 2330 EDA 2015.

## DISCUSSION

We first address the BFS appellants' appeals at 1576, 1577 and 1896 EDA 2015.

_____

[2] The Second Compel Order provided: (1) Cornerstone Legal Consultants ("Cornerstone"), the group to which Meyer-Chatfield's forensic computer analyst belonged, would make "forensically sound bit-stream images of the computers and portable electronic devices and external storage media (the 'Computer Images') and return such original media to … the BFS appellants … after completion of the imaging"; (2) Cornerstone would retain the Computer Images in a secure manner pending the resolution of the case; (3) the BFS appellants would give Cornerstone a list of search terms for the purposes of identifying and segregating all privileged documentation and information (the "Privilege Keywords"); (4) Cornerstone would use the Privilege Keywords to run searches on the Computer Images and produce all documents containing Privilege Keywords ("Privilege Hits") to the BFS appellants; (5) the BFS appellants would review and redact the Privilege Hits within thirty days or another appropriate timeframe ordered by the Court and reasonably identify the Privilege Hits to determine whether they were privileged in fact; (6) the BFS appellants would identify each withheld document on a privilege log; (7) to the extent any privileged material was observed by Cornerstone, such observation would not constitute a waiver of any privilege; and (8) Cornerstone would inspect the Computer Images for non-privileged materials only and maintain any privileged material in the strictest confidence.

**1576 EDA 2015.** As a threshold question, we must determine whether this appeal is properly before us. *Roman v. McGuire Memorial*, 127 A.3d 26, 31 (Pa.Super.2015) (subject matter jurisdiction is non-waivable and can be raised at any time by any party and by court *sua sponte*).

The BFS appellants appeal from the May 4, 2015 order granting Meyer-Chatfield's motion to quash subpoenas on non-parties and a notice to attend on Meyer-Chatfield's corporate designee. The BFS appellants assert that this order is appealable under the collateral order doctrine. We disagree.

"A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). "[T]he collateral order doctrine is a specialized, practical application of the general rule that only final orders are appealable as of right." *Melvin v. Doe*, 836 A.2d 42, 46–47 (Pa.2003). "Thus, Rule 313 must be interpreted narrowly, and the requirements for an appealable collateral order remain stringent in order to prevent undue corrosion of the final order rule." *Id.* at 47. "To that end, each prong of the collateral order doctrine must be clearly present before an order may be considered collateral." *Id.*

Generally, discovery orders are deemed interlocutory and not immediately appealable, because they do not dispose of the litigation. ***Branham v. Rohm and Haas Co.***, 19 A.3d 1094, 1101 (Pa.Super.2011). On the other hand, discovery orders requiring disclosure of privileged materials generally are appealable under Rule 313 where the issue of privilege is separable from the underlying issue. ***Ben v. Schwartz***, 729 A.2d 547, 551–53 (Pa.1999). For example, an order denying a motion to quash a subpoena for a deposition is appealable under Rule 313 when the information sought is privileged under federal health and safety regulations. ***Price v. Simakas Co., Inc.***, 133 A.3d 751, 755 (Pa.Super.2016).

The order at issue does not require disclosure of allegedly privileged information. Instead, it prevents disclosure of sought-after information, privileged or otherwise, by quashing subpoenas issued to non-parties and the notice to attend issued to Meyer-Chatfield's corporate designee. Thus, this order is not appealable under Rule 313.

***Branham***, a decision relied upon by the BFS appellants, is not on point. ***Branham*** held that an order denying a non-resident, non-party corporation's motion to quash a discovery subpoena was appealable under Rule 313, because it involved an important question concerning the extent of the trial court's subpoena power over a foreign corporation which was qualified to do business in Pennsylvania. The order in ***Branham*** required

- 13 -

the disclosure of information; the order in question here granted the motion to quash and therefore precludes disclosure of information.

Thus, we quash the appeal at 1576 EDA 2105.

**1577 EDA 2015.** This is the BFS appellants' appeal from the First Compel Order on May 4, 2015. As stated above, Meyer-Chatfield moved to compel the BFS appellants to answer its interrogatories and document requests. The BFS appellants objected on the grounds that the discovery requests were overbroad, burdensome, costly and called for privileged materials. The First Compel Order directed the BFS appellants to provide full and complete responses, "without objection",[3] to Meyer-Chatfield's requests, and it further instructed the BFS appellants to turn over its computers, electronic devices and passwords to Meyer-Chatfield's forensic computer analyst.

We know of no decision, nor do the BFS appellants point us to any, in which an order directing disclosure of <u>non</u>-privileged materials is appealable under the collateral order doctrine. Thus, to the extent that the First Compel Order requires production of non-privileged materials, we hold that Rule 313 is inapplicable and quash the BFS appellants' appeal.

We do, however, have jurisdiction over this appeal to the extent that the First Compel Order requires production of privileged materials. ***Ben***,

---

[3] Viewed in context, "without objection" signifies the trial court's intent to compel production of materials despite any assertion of privilege.

- 14 -

729 A.2d at 551-53. The issue of whether materials are privileged is a question of law. **Yocabet v. UPMC Presbyterian**, 119 A.3d 1012, 1019 (Pa.Super.2015). Our standard of review is *de novo*, and our scope of review is plenary. **Id**.

The BFS appellants claimed below, and claim again on appeal, that certain materials are protected under the attorney-client, work product and joint defense privileges. With regard to these materials, we reverse and remand for further proceedings in accordance with **T.M. v. Elwyn, Inc.**, 950 A.2d 1050 (Pa.Super.2008).

In **T.M.**, Elwyn, the appellant, raised the attorney-client and work product privileges in response to the plaintiff's discovery requests. Notably, Elwyn did not create a privilege log. **Id**. at 1063 ("we do not even have a situation where there is a privilege log"). The trial court issued a broadly worded discovery order which, Elwyn claimed, required it to produce privileged documents. Elwyn appealed to this Court, and we held that we had jurisdiction to review the order under Pa.R.A.P. 313. We observed that we could not decide whether either privilege applied due to the absence of a privilege log. But instead of finding that this omission resulted in waiver, we remanded with instructions for Elwyn to create a privilege log and for the trial court to rule on the discoverability of each document placed in the log and sought by the plaintiff. We reminded Elwyn that, "as the party invoking these privileges, it must initially set forth facts showing that the privilege

has been properly invoked" before the burden shifted to the party asking for disclosure "to set forth facts showing that disclosure will not violate the attorney-client privilege, e.g., because the privilege has been waived or because some exception applies." *Id.* at 1063. We continued that if, "upon remand, Elwyn is able to identify certain materials encompassed in the discovery request that are subject to the attorney-client privilege or work product doctrine, then the trial court will be able to assess whether those materials are discoverable." *Id.* We directed that "the court may conduct *in camera* review of documents identified by Elwyn to be subject to a privilege, to better analyze the privilege issues, as needed." *Id*.

In this case, the BFS appellants asserted the attorney-client, work product and joint defense privileges in response to Meyer-Chatfield's discovery requests and motion to compel. Like the appellant in *T.M.*, the BFS appellants did not create a privilege log itemizing the privileged materials. Because *T.M.* did not regard this omission as fatal, neither do we. Instead, pursuant to *T.M.*, we reverse and remand for the following proceedings:

1. In accordance with a time schedule to be created by the trial court, the BFS appellants shall create a privilege log identifying all materials that

are protected by the (1) attorney-client privilege, (2) work product privilege

and (3) joint defense privilege.[4]

_____

[4] We note that the BFS appellants waived all other privileges by failing to raise them in response to Meyer-Chatfield's discovery requests or motion to compel.

The BFS appellants purported to raise additional privileges (the accountant-client, psychologist-patient and marital privileges) in a motion for reconsideration filed after the First Compel Order. Raising an issue for the first time in a motion for reconsideration, however, does not rescue that issue from waiver. *See Prince George Center, Inc. v. U.S. Gypsum Co.*, 704 A.2d 141, 145 (Pa.Super.1997) (citing Pa.R.A.P. 302(a)) (declining to consider issues raised initially in motion for reconsideration).

In the same motion for reconsideration, the BFS appellants purported to assert a right of "privacy" in a multitude of materials. Our Supreme Court recently indicated in *Dougherty v. Heller*, -- A.3d --, 2016 WL 3261814 (Pa., 6/14/16), that a party's privacy objection could be significant enough to make a discovery order subject to collateral order review. *Id*., 2016 WL 3261814, at *17. The Court cautioned, however:

> [W]e cannot accept that *any* assertion of an attendant privacy concern should transform a discovery order that otherwise is not appealable by right into a collateral order subject to as-of-right interlocutory appellate review. Instead, we find that the specific privacy concern in issue must be evaluated and adjudged to satisfy the importance requirement. In this regard, we make the distinction among different orders of privacy interests, such as those of a constitutional magnitude or recognized as such by statute, as compared with lesser interests.

*Id*. (emphasis in original).

Had the BFS appellants timely raised privacy objections in response to Meyer-Chatfield's discovery requests or motion to compel, we would have examined whether they were of such broad public importance as to justify collateral order review. But because the BFS appellants did not raise privacy objections until their motion for reconsideration, we find these objections waived. *Prince George Center, Inc.,* 704 A.2d at 145.

2.   In accordance with the trial court's time schedule, Meyer-Chatfield shall identify all materials in the privilege log that it desires to obtain.

3.   As needed, the trial court may conduct *in camera* review of materials that the BFS appellants claim are subject to one or more of the foregoing privileges.

4.   The trial court shall enter an order specifying the materials in the BFS appellants' privilege log which are protected from disclosure.

5.   Except for the materials that the trial court's order protects from disclosure, and except for any time scheduling modifications made by the trial court on remand, the provisions of the First Compel Order shall remain in full force and effect.

**1896 EDA 2015**.  On May 21, 2015, the BFS appellants filed a motion in the trial court seeking reconsideration of the First Compel Order.  On June 11, 2015, more than thirty days after the First Compel Order, the trial court entered the Second Compel Order which modified the terms of the First Compel Order.  On June 16, 2015, the BFS appellants appealed the Second Compel Order at 1896 EDA 2015.

Under Pa.R.A.P. 1701, the trial court lacked jurisdiction to enter the Second Compel Order.  Rule 1701 prescribes in relevant part:

**(b)** After an appeal is taken … the trial court … may: …

**(3)** Grant reconsideration of the order which is the subject of the appeal or petition, if:

(i) an application for reconsideration of the order is filed in the trial court … within the time provided or prescribed by law; and

(ii) an order expressly granting reconsideration of such prior order is filed in the trial court … within the time prescribed by these rules for the filing of a notice of appeal … with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal … theretofore or thereafter filed or docketed with respect to the prior order … Where a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal … begins to run anew after the entry of the decision on reconsideration, whether or not that decision amounts to a reaffirmation of the prior determination of the trial court …

Pa.R.A.P. 1701(b)(3). Under this rule, if an appeal is timely filed, a court may grant a party's motion for reconsideration, "but only if (1) a motion to reconsider is filed within the appeal period; and (2) the court expressly grants reconsideration within the appeal period." *Manufacturers and Traders Trust Co. v. Greenville Gastroenterology, SC*, 108 A.3d 913, 918 (Pa.Super.2015). "If a court fails to act on a timely reconsideration motion within the appeal period, it loses jurisdiction to do so." *Id*.

We have held above that the First Compel Order entered on May 4, 2015 was appealable to the extent it concerned certain privilege issues. The BFS appellants timely filed an appeal from the First Compel Order and timely filed a motion for reconsideration within the 30-day appeal period. The trial court, however, did not enter the Second Compel Order until June 11, 2015,

eight days after expiration of the appeal period. Thus, the trial court lacked jurisdiction to enter the Second Compel Order, rendering it void *ab initio*.

Consequently, we quash the appeal at 1896 EDA 2015 for lack of jurisdiction.

We turn to the appeals of Schwartz and Byrd.

**1578 EDA 2015**. Although Meyer-Chatfield did not serve Schwartz or Byrd with discovery requests, it did serve counsel for Schwartz and Byrd with its motion to compel. Schwartz and Byrd did not answer the motion, and the trial court entered the First Compel Order against them. Schwartz and Byrd filed this timely appeal.

As we held in 1577 EDA 2015, we quash the appeal at 1578 EDA 2015 to the extent that the First Compel Order requires production of non-privileged materials. We have jurisdiction over the appeal at 1578 EDA 2015 to the extent that the First Compel Order requires production of privileged materials. **Ben**, 729 A.2d at 551-53.

Because Byrd and Schwartz failed to answer Meyer-Chatfield's motion to compel, they waived any objection to the production of privileged materials. Pa.R.A.P. 302(a) ("issues not raised in the lower court are waived and cannot be raised for the first time on appeal"). We reach this decision reluctantly, because it seems inequitable for Meyer-Chatfield to obtain an order compelling production from Byrd and Schwartz despite failing to serve them with discovery requests in the first place. Nevertheless, parties in civil

litigation have a duty to defend themselves against motions that name them as respondents, even when, as here, the motion appears groundless. Upon counsel's receipt of Meyer-Chatfield's motion to compel, Byrd and Schwartz had the duty to file a response. Their failure to take this step results in waiver.

Therefore, we affirm to the extent the First Compel Order requires production of privileged materials.

**2330 EDA 2015.** On May 20, 2015, Byrd and Schwartz filed a motion in the trial court seeking reconsideration of the First Compel Order. On June 11, 2015, more than thirty days after the First Compel Order, the trial court entered the Second Compel Order which modified the terms of the First Compel Order. On July 9, 2015, Byrd and Schwartz appealed the Second Compel Order at 2330 EDA 2015.

As we held in 1896 EDA 2015, under Pa.R.A.P. 1701, the trial court lacked jurisdiction to enter the Second Compel Order because it did not enter this order within 30 days of the First Compel Order. Consequently, we quash the appeal at 2330 EDA 2015 for lack of jurisdiction.

Appeal at 1576 EDA 2015 quashed. Appeal at 1577 EDA 2015 quashed in part and reversed and remanded in part for proceedings consistent with this opinion, with jurisdiction relinquished. Appeal at 1896 EDA 2015 quashed. Appeal at 1578 EDA 2015 quashed in part and affirmed

in part. Appeal at 2330 EDA 2015 quashed. Appellants' application for emergency relief and Appellees' motion to quash denied as moot.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/14/2016