J-A29024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: PETITION OF B.T.M. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLEGHENY COUNTY DEPARTMENT | : | |
| OF BEHAVIORAL HEALTH AND THE | : | |
| PENNSYLVANIA STATE POLICE | : | No. 725 WDA 2024 |
| | : | |
| | : | |
| APPEAL OF: B.T.M. | : | |

Appeal from the Order Entered May 17, 2024
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s): CP-02-CC-0000312-2023

BEFORE: OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY LANE, J.: **FILED: April 8, 2025**

B.T.M. appeals from the order denying his petition to expunge his involuntary commitment records pursuant to 50 P.S. §§ 7302 ("section 302") and 7303 ("section 303") of the Mental Health Procedures Act ("MHPA")[1] and restore his right to possess a firearm pursuant to 18 Pa.C.S.A. § 6105(f)(1) of the Uniform Firearms Act ("UFA").[2]  We affirm.

Briefly, in 2022 a doctor involuntarily committed B.T.M. to Western Psychiatric Institute and Clinic pursuant to section 302 of the MHPA.  While there, B.T.M.'s examining physician filed an application to extend the involuntary commitment pursuant to section 303 of the MHPA.  Following a

---

[1] *See* 50 P.S. §§ 7101-7503.

[2] *See* 18 Pa.C.S.A. §§ 6101-6128.

hearing, a mental health review officer ("MHRO") certified the section 303 extension. B.T.M. did not appeal from the certification, and the clinic discharged him on July 5, 2022.

On December 5, 2023, B.T.M. filed the instant petition for the expungement of his section 302 and 303 commitment records and the restoration of his right to possess firearms pursuant to section 6105(f)(1) of the UFA. In its answer to the petition, the Pennsylvania State Police ("PSP") argued that B.T.M. could not challenge these commitments pursuant to the UFA because he did not timely seek review of his section 303 certification pursuant to section 303(g) of the MHPA. As such, PSP argued the orphans' court lacked the authority to expunge either of B.T.M.'s commitment records pursuant to section 6105(f)(1).

The orphans' court conducted an evidentiary hearing on the petition. At the beginning of the hearing, PSP counsel reiterated that the court could not expunge either of B.T.M.'s mental health commitment records since B.T.M. never petitioned for review from his section 303 certification pursuant to section 303(g). The orphans' court acknowledged PSP counsel's argument but proceeded to hear testimony from B.T.M. and his sister. On May 17, 2024, the orphans' court entered an order denying B.T.M.'s petition. The order stated as follows:

> AND NOW, to-wit, this 16th day of May, 2024, upon consideration of the petition of B.T.M. for the issuance of a rule to show cause directed to, *inter alia*, Allegheny County Mental Health, for the expungement of an involuntary commitment pursuant to [s]ection 302 and 303 of the [MHPA], and for the

> restoration of firearm rights pursuant to 18 Pa.C.S.A. § 6105(f)(1), a hearing having been held on May 8, 2024, and having review [*sic*] all that has been submitted by way of testimony, exhibit and argument, the [*sic*] it is hereby ORDERED, ADJUDGED, and DECREED that said petition is DENIED. This is the final order of court.

Order, 5/17/24 (unnecessary capitalization omitted). B.T.M. filed a timely notice of appeal, and both he and the orphans' court complied with Pa.R.A.P. 1925.

B.T.M. presents the following issue for our review: "Did the lower court err in holding an evidentiary hearing and issuing an order on the merits of [B.T.M.'s] petition for expungement of section 303 and section 302 involuntary mental health commitments, where the lower court lacked subject matter jurisdiction to hear such petitions?" B.T.M.'s Brief at 5 (unnecessary capitalization omitted).

B.T.M. argues that the orphans' court lacked subject matter jurisdiction to enter the underlying order denying his petition. Subject matter jurisdiction is non-waivable and can be raised at any time by any party or by the court *sua sponte*. **See Meyer-Chatfield Corp. v. Bank Fin. Servs. Grp.**, 143 A.3d 930, 935-36 (Pa. Super. 2016). Because a challenge to subject matter jurisdiction presents a question of law, our standard of review is *de novo*, and our scope of review is plenary. **See Turner v. Estate of Baird**, 270 A.3d 556, 560 (Pa. Super. 2022).

Relevantly, the MHPA provides for involuntary emergency examination and treatment of persons who are "severally mentally disabled and in need of immediate treatment." 50 P.S. § 7301(a). Section 302 allows a person to be

committed up to 120 hours. *See* 50 P.S. § 7302(d). When a treatment facility determines that the need for emergency treatment is likely to extend beyond 120 hours, section 303 provides that the facility may apply to have that involuntary commitment extended up to twenty days. *See* 50 P.S. § 7303(a), (h). Should an MHRO certify that an extended section 303 commitment is appropriate, the committed person has thirty days to "petition to the court of common pleas for review of the certification." 50 P.S. § 7303(g); *see also In re J.M.Y.*, 218 A.3d 404, 418 (Pa. 2019). After this thirty-day period expires, neither the court of common pleas nor the Superior Court has jurisdiction to consider the merits of any challenge to the section 303 certification. *See In re J.M.Y.*, 218 A.3d at 418.

Section 6105(c)(4) prohibits a person from possessing a firearm if he has been involuntarily committed to a mental institution for inpatient care and treatment pursuant to section 302 or 303 of the MHPA. *See* 18 Pa.C.S.A. § 6105(c)(4). Generally, a person subject to section 6105(c)(4) may apply to the court of common pleas for an exemption from this prohibition, and the court may grant such relief if it determines that the applicant may possess a firearm without risk to him or any other person. *See* 18 Pa.C.S.A. § 6105(f)(1). However, section 6105(f)(1) by itself does not provide a court with the authority to expunge mental health commitment records. *See In re Keyes*, 83 A.3d 1016, 1022-23 (Pa. Super. 2013). Instead, section 6105(f)(1) only authorizes a court to expunge an individual's mental health records following a successful petition pursuant to 18 Pa.C.S.A. § 6111.1(g).

*See id.*  Accordingly, because section 6111.1(g) only provides for the evidentiary review of a section 302 commitment, the UFA does not provide any mechanism by which an individual can expunge his section 303 commitment record.  *See id.*; *see also* 18 Pa.C.S.A. § 6111.1(g); *In re J.M.Y.*, 218 A.3d at 418.

On appeal, B.T.M. argues that the orphans' court erred when it entered an order denying his petition on the merits.  Specifically, B.T.M. asserts that the orphans' court did not have subject matter jurisdiction to consider the merits of either of his section 302 or 303 expungement claims.  B.T.M. points out that although PSP noted that he failed to timely petition to the court of common pleas for review of his section 303 certification in its answer, and again at the evidentiary hearing, the orphans' court did not immediately deny the petition for lack of jurisdiction.[3]  Instead, B.T.M. highlights that the orphans' court continued to listen to testimony presented by multiple witnesses and consider the admissibility of multiple exhibits.

Further, B.T.M. contends that the wording of the orphans' court's order supports a conclusion that the court relied on the evidence presented at the hearing to deny his petition on the merits.  Specifically, B.T.M. points to the

---

[3] B.T.M. insists that PSP expressly argued, both in its answer and at the hearing, that the orphans' court lacked subject matter jurisdiction over the petition.  *See* B.T.M.'s Brief at 10.  However, our review of the record discloses that PSP did not do so.  Instead, in its answer and at the hearing, PSP stated only that B.T.M. had failed to timely challenge his section 303 certification and raised no argument that the orphans' court lacked subject matter jurisdiction over the action.  *See* PSP's Answer and New Matter, 5/6/24, at unnumbered 2-3; *see also* N.T., 5/8/24, at 6.

court's statement that it denied his petition after "[a] hearing was held . . . and [after] having review[ed] all that has been submitted by way of testimony, exhibit and argument[.]" B.T.M.'s Brief at 10-11. B.T.M. additionally stresses that the orphans' court did not directly acknowledge, at the hearing or in its order, that it dismissed or vacated the matter for lack of jurisdiction. Accordingly, B.T.M. avers that the order shows that the orphans' court denied his petition on the merits, and not on the basis of a lack of subject matter jurisdiction. Thus, B.T.M. argues that this Court should vacate the order denying his petition.[4]

The orphans' court determined that B.T.M.'s issue was without merit, reasoning as follows:

> [W]here the [orphans'] court lacks subject jurisdiction to adjudicate an issue, it has two devices to dispose of the petition, denial or dismissal with prejudice. That is what the court did here. Upon review of the record, this court found that with regard to [B.T.M.'s] request for vacating and expunging the section 302 and 303 involuntary commitment records, this court did not have jurisdiction to grant the petition, or proceed to evaluate on the merits, and must deny. In making this determination, this court noted [PSP's] objection to [B.T.M.'s] petition on the basis that a challenge to the validity of [B.T.M.'s] 303 commitment is barred by the statute of limitations. Noting that [B.T.M.'s] challenge was statutorily barred, this court denied the petition with respect to expunging [his] 303 certification, and innately the 302 commitment.

---

[4] B.T.M. clarifies that he is seeking the instant relief so that he may separately petition for allowance of appeal for review of his section 303 certification, *nunc pro tunc*.

Orphans' Court Opinion, 8/15/24, at 5-6 (citations, footnotes, and unnecessarily capitalization omitted).

After careful review, we similarly determine that B.T.M.'s issue is without merit. Here, the record shows that B.T.M. petitioned the orphans' court to expunge his section 302 and 303 mental health commitment records pursuant to section 6105(f)(1) of the UFA. However, this section does not authorize a court to grant the expungement of either of these records. **See In re Keyes**, 83 A.3d at 1022-23. We instead reiterate that for B.T.M. to properly petition for the expungement of his section 302 commitment records, he needed to first challenge the evidence supporting this commitment pursuant to section 6111.1(g). **See id**. Here, B.T.M. did not invoke section 6111.1(g) in his petition. Similarly, to petition for the expungement of his section 303 records, B.T.M. needed to do so within thirty days of his section 303 certification pursuant to section 303(g) of the MHPA. **See In re J.M.Y.**, 218 A.3d at 418. B.T.M. concedes that he did not timely appeal from this certification. Thus, because B.T.M. did not properly raise these claims before the orphans' court, the court lacked subject matter jurisdiction to grant relief.

Whereas B.T.M. claims that the orphans' court improperly denied his petition on the merits following an evidentiary hearing, our review of the record does not support this contention. Pertinently, the orphans' court explained in its Rule 1925(a) opinion that it denied B.T.M.'s petition on the basis that it lacked subject matter jurisdiction to evaluate the merits of

B.T.M.'s section 302 and 303 claims.  **See** Orphans' Court Opinion, 8/15/24, at 5-6.  As noted previously, PSP did not expressly raise the question of subject matter jurisdiction in its answer to the petition or at the hearing, and the orphans' court could raise the issue *sua sponte*, which it did prior to entering its order.  **See Meyer-Chatfield Corp.**, 143 A.3d at 935-36.  Thus, because B.T.M.'s sole issue on appeal is without merit, we affirm the order denying his petition for lack of subject matter jurisdiction.

Order affirmed.

President Judge Emeritus Bender joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/08/2025