J-S07002-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KUMUD HOSPITALITY LLC AND DINESHKUMAR JADAV | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SSN WILLIAMSPORT, LLC, SSN HOTEL MANAGEMENT, LLC, PIYUSH BHAISADSWALA A/K/A PETER BHAI & PINKY BHAISADSWALA A/K/A PINKY BHAI | : | No. 1116 MDA 2025 |
| Appellants | : | |

Appeal from the Order Entered August 5, 2025
In the Court of Common Pleas of Lycoming County Civil Division at
No(s):  CV-24-00087

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 23, 2026**

SSN Williamsport, LLC, SSN Hotel Management, LLC, Piyush Bhaisadswala a/k/a Peter Bhai, and Pinky Bhaisadswala a/k/a/ Pinky Bhai (collectively "Defendants") appeal from the order denying their motion for a protective order regarding the production of certain financial documents in discovery.  We vacate and remand with instructions.

Kumud Hospitality LLC and Dineshkumar Jadav (collectively "Plaintiffs") filed a complaint against Defendants on January 22, 2024, alleging multiple types of fraud, as well as breach of contract, negligent misrepresentation, promissory estoppel, unjust enrichment, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, conversion, *quantum meruit*

restitution, and intentional and negligent infliction of emotional distress. The trial court explained the impetus of the underlying litigation in the following manner:

> Plaintiffs' claims arise out of Defendants' solicitation of a [$635,000] investment from Plaintiffs toward the purchase and renovation of a Red Roof Inn in Williamsport, Pennsylvania (the "Inn"). Plaintiffs contend that Defendants misrepresented the purchase price of the Inn to induce Plaintiffs to make their investment, which would result in Plaintiff Kumud Hospitality securing an ownership interest in Defendant SSN Williamsport, which would own the Inn. Pursuant to the [November 15, 2015 Membership Purchase Agreement ("Agreement")] Kumud Hospitality is the "Buyer," who would own forty-nine percent of the membership interests in SSN Williamsport, while Defendant Peter Bhai was the "Seller" who would own the remaining fifty-one percent. Plaintiffs allege that Peter Bhai never invested his portion of money required to consummate his ownership interests in SSN Williamsport and that he, nevertheless, retained one hundred percent of the management and operational control of SSN Williamsport's business.
>
> . . . Defendants renovated the Inn to prepare it for hotel rentals for the spring 2016 season and, on May 5, 2016, the Inn opened to the public. Plaintiffs contend that Defendant Peter Bhai alleged there were capital shortfalls in the business, which were necessitated by his failure to make his investment, in an attempt to secure from Plaintiffs additional funding, which they were unable to provide. Subsequently[,] Peter Bhai made loans to SSN Williamsport totaling $250,000, which he later paid back to himself in 2018 and 2019. Plaintiffs also contend that Plaintiff Jadav was to be hired as hotel manager of the Inn, working forty hours per week for compensation of [$4,000] per month, but that he worked more hours than required, from March 2016 to June 2016 and again from October 2016 to April 2017, and was not paid any compensation for his work.
>
> Plaintiffs assert that each time Jadav would inquire about the status of SSN Williamsport, Peter Bhai would tell him that the Inn was failing and had no money. Plaintiff alleges that Jadav thereafter, from about March, 2019, began investigating the Defendants and their businesses, including the Inn. Jadav alleges

- 2 -

that he discovered evidence that Defendants were understating profits; moving money for the benefit of Defendants Peter and Pinky Bhai that should have been paid out as a return on his investment; transferring money out of SSN Williamsport without notice to or authorization from Plaintiffs, as co-owners of SSN Williamsport; paying themselves management fees in excess of industry standards through Defendant SSN Hotel Management; fraudulently obtaining and utilizing two PPP loans, in the amounts of [$15,700] and [$37,998] through SSN Williamsport; engaging in various activities to lower SSN Williamsport's net operating income; and repaying alleged loans to Pinky Bhai when no loans were made by her to SSN Williamsport. Further, Jadav alleges that he was required to pay taxes on SSN Williamsport profits while receiving no money from SSN Williamsport.

In sum, Plaintiffs allege that Defendants engaged in a fraudulent scheme or schemes to avoid paying profits from SSN Williamsport to Plaintiffs. Jadav further alleges that he suffered health issues and that his marriage dissolved as a result of Defendants' misconduct. Finally, Plaintiffs allege that SSN Williamsport sold the Inn to an unrelated third party on or about June 17, 2022 for [$2,317,500] and that Defendants falsely reported the sale price for tax purposes and paid Plaintiffs the sum of [$612,500], which was less than their initial investment and included no profits or wages. Thereafter, on or about January 19, 2023, Defendants dissolved SSN Williamsport by filing a certificate of dissolution with the Secretary of State of this Commonwealth.

Plaintiffs assert that they made a demand of Defendants for payment and turnover of business records pertaining to SSN Williamsport on or about September 13, 2023, but that Defendants refused to comply. Ultimately, Plaintiffs argue that they suffered significant and irreparable financial and emotional damages as a result of Defendants' conduct and that they have filed this suit to recover the same. Defendants filed a motion for judgment on the pleadings on May 24, 2024. After that motion was fully briefed and argued by the parties, the court issued an opinion and order on November 25, 2024[,] granting it in part and denying it in part.

Trial Court Opinion and Order, 8/4/25, at 2-6 (cleaned up).

As a result of the court's order, the following claims remained: common law fraud, fraud in the inducement, negligent misrepresentation, promissory estoppel, unjust enrichment, conversion, *quantum meruit* restitution, as well as breach of contract and breach of fiduciary duty as between plaintiff Kumud Hospitality, LLC and defendant Peter Bhai.

Discovery proceeded in the trial court. Believing that Defendants had not supplied all requested discovery, Plaintiffs served subpoenas upon several third parties to obtain various financial records of Defendants. On February 12, 2025, Defendants filed a motion for a protective order regarding those requests as to Peter Bhai, Pinky Bhai, and SSN Hotel Management. They claimed, among other things, that the subpoenas subjected them to unreasonable annoyance, infringed upon their right to privacy, violated the accountant-client privilege, and lacked relevancy to the limited claims against SSN Williamsport, which Defendants averred made up the heart of the suit.

Plaintiffs opposed the motion for a protective order, challenging the alleged burden of the subpoenas, detailing the relevancy and necessity of the requested information, and explaining that Defendants' privacy concerns were protected by the parties' confidentiality agreement.[1]

---

[1] Specifically, Plaintiffs and Defendants had agreed that any information designated by a party as confidential could be disclosed only to:

*(Footnote Continued Next Page)*

Following further briefing and oral argument, the trial court denied Defendants' motion. However, recognizing the legitimacy of Defendants' privacy concerns, the trial court gave Defendants ten days to seek additional security measures if they believed the parties' confidentiality agreement inadequately protected their privacy interests. *Id*. at 11-14. Defendants did not seek additional protections from the trial court.

------

(a) The [signatory] attorneys and their employees and any additional attorneys (and their employees) who are assisting them in the preparation of this litigation;

(b) Business representatives of each party;

(c) Any person who is consulted or retained as an expert by the parties or their attorneys described in subparagraph (a) above to assist in prosecution of this action;

(d) (i) Any person scheduled to testify at a deposition, hearing or at trial after executing the Acknowledgement attached hereto as Exhibit A (ii) Potential witnesses to the extent they authored or received the confidential material in the ordinary course of business; (iii) Outside photocopying, graphic production services or litigation support services employed by the Parties or their counsel to assist in this litigation and computer service personnel performing duties in relation to a computerized litigation system; (iv) Any other person whom the producing party agrees in writing may have access to the material, or whom the Court directs may have access to the material; and (v) Court reporters, stenographers, translators, Court personnel, jurors and alternate jurors, if any; and

(e) The Court.

Plaintiffs' Brief in Opposition, 4/11/25, at Exhibit I (Confidentiality Agreement at 2).

Instead, this timely appeal followed. Defendants complied with the court's order to file a concise statement pursuant to Pa.R.A.P. 1925(b).[2] The court responded with a Rule 1925(a) opinion, relying primarily upon the reasoning set forth in its August 4, 2025 opinion and order. Defendants present five questions for our consideration:

A. Did the trial court commit an error of law and/or abuse its discretion by ordering [Defendants] to produce, and allowing [Plaintiffs] to obtain through third-party subpoenas, Peter Bhai's, Pinky Bhai's and SSN HM's tax returns, tax records, bank statements, credit card statements, QuickBooks statements, and accounting records in violation of [Defendants]' right to privacy and the accountant-client privilege?

B. Did the trial court commit an error of law, abuse its discretion and exceeded [*sic*] the scope of discovery allowed by Pa.R.Civ.P. 4003.1 by ordering [Defendants] to produce, and by allowing [Plaintiffs] to obtain through third-party subpoenas, [Defendants]' tax returns, tax records, bank statements, credit card statements, QuickBooks statements, insurance records and accounting records unrelated to SSN Williamsport and which are not reasonably calculated to lead to the discovery of amissible evidence?

C. Did the trial court commit an error of law, abuse its discretion and exceeded [*sic*] the scope of discovery allowed by Pa.R.Civ.P. 4003.1 by ordering [Defendants] to produce, and allowing [Plaintiffs] to obtain through third-party subpoenas, SSN HM's business, financial, accounting and insurance records regarding its operation and management of hotels other than the subject hotel owned by SSN Williamsport?

_____

[2] We remind the trial court that it is not enough to direct the appellant to submit a copy of the statement to the judge's chambers because the court must include "both the place the appellant can serve the Statement in person and the **address** to which the appellant can mail the Statement." Pa.R.A.P. 1925(b)(3)(iii) (emphasis added).

D. Did the trial court commit an error of law and/or abuse its discretion in reading the fraud allegations in the complaint too broadly, so as to permit a fishing expedition into [Defendants]' private, confidential and irrelevant financial records, where all records relating to the matters at issue in this litigation, namely the operation and finances of SSN Williamsport and the hotel have been produced and are in [Plaintiffs]' possession?

E. Did the trial court commit an error of law and/or abuse its discretion in finding that the parties' confidentiality agreement sufficiently protects against and/or cures the infringement upon [Defendants]' privacy and privilege rights and makes relevant [Plaintiffs]' discovery demands which far exceed the scope of discovery allowed by Pa.R.Civ.P. 4003.1?

Defendants' brief at 15-17 (cleaned up).[3]

Before we consider the propriety of the court's order, we must first address whether this appeal is properly before us. Defendants aver that we have jurisdiction pursuant to the collateral order doctrine. *Id*. at 1, 7-14. "Generally, discovery orders are deemed interlocutory and not immediately appealable, because they do not dispose of the litigation. On the other hand, discovery orders requiring disclosure of privileged materials generally are appealable under Rule 313 where the issue of privilege is separable from the underlying issue." ***Meyer-Chatfield Corp. v. Bank Fin. Servs. Grp.***, 143 A.3d 930, 936 (Pa.Super. 2016) (cleaned up). Rule 313 provides that an immediately appealable "collateral order is [(1)] an order separable from and collateral to the main cause of action[, (2)] where the right involved is too important to be denied review[,] and [(3)] the question presented is such that

_____

[3] We note with displeasure that in lieu of a responsive brief to these issues, Plaintiffs submitted a two-page letter opposing the appeal without any citation to legal authority.

- 7 -

if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b).

As noted above, Defendants challenge the third-party subpoenas for the various financial records of Peter Bhai, Pinky Bhai, and SSN Hotel Management based upon a violation of their rights to privacy, relevancy, and the accountant-client privilege. "Appellate review is appropriate when a colorable claim of privilege is asserted." *Red Vision Sys., Inc. v. Nat'l Real Est. Info. Servs., L.P.*, 108 A.3d 54, 59 (Pa.Super. 2015) (cleaned up). Since "we find the instant discovery order collateral and appealable as it implicates potentially privileged material[,]" we will turn to the merits of Defendants' issues. *Id*.

We review discovery orders for "an abuse of discretion . . . . A trial court may abuse its discretion by making a ruling that is manifestly unreasonable, arbitrary or capricious; that fails to apply the law; or that is motivated by partiality, prejudice, bias or ill-will." *King v. Kappa Sigma Fraternity*, 331 A.3d 695, 699 (Pa.Super. 2025) (cleaned up). The Rules of Civil Procedure govern discovery, in pertinent part, as follows:

> (a) Subject to the provisions of Rules 4003.2 to 4003.5 inclusive and Rule 4011, a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, content, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

(b) It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Pa.R.Civ.P. 4003.1. Further:

No discovery, including discovery of electronically stored information, shall be permitted which

(a) is sought in bad faith;

(b) would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party;

(c) is beyond the scope of discovery as set forth in Rules 4003.1 through 4003.6;

(d) is prohibited by any law barring disclosure of mediation communications and mediation documents; or

(e) would require the making of an unreasonable investigation by the deponent or any party or witness.

Pa.R.Civ.P. 4011.

For example, our courts have recognized that individuals have a significant right to privacy in their tax returns. *See, e.g., Dougherty v. Heller*, 138 A.3d 611, 629 n.10 (Pa. 2016) (noting that tax returns are subject to privacy rights pursuant to state law and confidentiality under a federal statute). A party's right to privacy, however, "is not an unqualified one; it must be balanced against weighty competing private and state interests." *Berkeyheiser v. A-Plus Investigations, Inc.*, 936 A.2d 1117, 1126 (Pa.Super. 2007) (cleaned up). In that vein, "the trial court is responsible for overseeing discovery between the parties and therefore it is within that court's

discretion to determine the appropriate measure necessary to insure adequate and prompt discovering of matters allowed by the Rules of Civil Procedure." *Id*. at 1125 (cleaned up).  When a trial court fails to provide a developed discovery analysis, we must vacate and remand for the court to comply with its duties regarding discovery.

As an illustration, in **Berkeyheiser**, the trial court issued "a blanket statement that the majority of [the a]ppellee's requests 'may' lead to the discovery of admissible evidence[,]" without balancing their claimed need for the documents against the privacy interests of the appellant.  *Id*. at 1127. The court then proceeded to require the appellant "to comply without objection to the rest of the discovery requests."  *Id*.  On appeal, this Court vacated the trial court's order, explaining:

> Absent a studied analysis by the court of the voluminous discovery requests, we are unable to review whether the materials and depositions requested might produce information that "appears reasonably calculated to lead to the discovery of admissible evidence" under Rule 4003.1(b).  Pursuant to this rule, the court must ensure [the a]ppellee's discovery requests are tailored to her specific negligence cause of action.  The court should not permit [the] requests if they represent a mere fishing expedition or an obvious attempt to force [the appellant] into a settlement.

*Id*. (cleaned up).

Returning to the case *sub judice*, Defendants have challenged the subpoenas issued to:  (1) Mirani, Baddar, Thakkar and Associates for the tax returns of Peter Bhai, Pinky Bhai, and SSN Hotel Management for the years 2015 to 2023; (2) TD Bank, M&T Bank, PNC, and Intuit for the bank

statements, credit card statements, accounting records, and Quickbooks accounts of Peter Bhai, Pinky Bhai, and SSN Hotel Management from 2015 to the present; and (3) Nimble Property for insurance records from SSN Hotel Management concerning properties other than the hotel at issue in the underlying suit.

In deeming these voluminous records relevant and discoverable, the trial court provided a single paragraph analysis:

> Here, the complaint alleges various types of financial and other misconduct by Defendants, and specifically alleges that funds that should have been paid to Plaintiffs were diverted from SSN Williamsport to Defendants Peter and Pinky Bhai and SSN Hotel Management. Under those circumstances, the financial records of Defendants SSN Williamsport, SS[N] Hotel Management, and Peter and Pinky Bhai are relevant to the claims made by Plaintiffs, because those records likely contain information that has a tendency to make a fact that is of consequence in determining the action more or less probable than it would be without the evidence. The court finds that Defendants have failed to carry their burden of establishing that the discovery sought by Plaintiffs is not relevant or discoverable.

Trial Court Opinion and Order, 8/4/25, at 11 (unnecessary articles omitted).

As noted above, the court acknowledged that this discovery would impinge upon Defendants' privacy rights. Nonetheless, it did not assess whether the confidentiality agreement adequately protected those interests. Nor did the court restrict access of any of the requested material to only the respective attorneys' eyes. *Cf. **Cabot Oil & Gas Corp. v. Speer***, 241 A.3d 1191, 1200 (Pa.Super. 2020) (concluding that an attorneys'-eyes-only order compelling disclosure of private or privileged materials "is a proper exercise

of discretion because it properly balances the parties' competing interests" (cleaned up)). Instead, the court placed the onus upon Defendants to file an additional motion for relief if it was unsatisfied by the protections afforded by the confidentiality agreement. *See Berkeyheiser*, 936 A.2d at 1125 (reiterating that "the trial court is responsible for overseeing discovery between the parties and therefore it is within that court's discretion to determine the appropriate measure necessary to insure adequate and prompt discovering of matters allowed by the Rules of Civil Procedure" (cleaned up)).

In its Rule 1925(a) opinion, the court highlighted Defendants' failure to pursue such relief. *See* Trial Court Opinion, 10/8/25, at 17. In light of the fact that Defendants filed a motion for a protective order in response to these subpoenas, it is plain that they deemed the existing confidentiality agreement inadequate to protect their privacy interests. We cannot agree with the trial court that Defendants needed to renew that objection or propose an alternative confidentiality agreement. Rather, our review bears out that the court abused its discretion by outsourcing its responsibility to balance the parties' interests regarding disclosure of those records to Defendants.

Furthermore, we cannot countenance the court's wholesale assessment of the relevancy and discoverability of these voluminous documents, particularly when it neither differentiated between the records requested from the individual defendants and the business entities, nor curated its order based upon the specific defendants implicated by each alleged count. This

Court has expressly rejected similarly underdeveloped discovery analyses. *See Berkeyheiser*, 936 A.2d at 1127.

Since "the court failed to provide adequate analysis for its broad discovery rulings[,]" we vacate the order denying Defendants' motion for a protective order "and remand so the court can consider, rule on, and explain its rulings regarding each" challenge from the motion for a protective order. *Id*. Following remand, if the trial court deems any particular records relevant and discoverable, it must balance the parties' interests in determining how it will compel disclosure.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/23/2026